[Civ. No. 3906.  First Appellate District, Division Two.—October 28, 1921.]

## C. S. ALLRED, Appellant, v. HOWARD J. SHEEHAN, Respondent.

[1] JUDGMENT ON PLEADINGS—ALLEGATIONS DEEMED TRUE.—On a defendant's motion for judgment upon the pleadings all the material allegations of the plaintiff's complaint must be deemed to be true.

[2] CONTRACTS—SALE OF LAND—BREACH BY BUYER—DAMAGE—PLEADING.—A complaint alleging the making of a written contract for the sale by plaintiff to defendant of a certain lot of real estate, with improvements which were being constructed thereon, the due performance by plaintiff of all conditions on his part to be performed under the contract, the repudiation thereof by defendant, and the damage thereby caused to plaintiff, sufficiently states a cause of action.

[3] ID.—ACTION FOR DAMAGES—MOTION FOR JUDGMENT ON PLEADINGS —ANSWER NOT TO BE CONSIDERED.—On consideration of the defendant's motion for judgment on the pleadings in such an action, the court cannot pass upon the denials contained in the answer as to the execution of the contract or any other material matter alleged therein.

[4] ID. — COMPLETION OF BUILDING — SATISFACTION OF BUYER — CONSTRUCTION OF CONTRACT.—A contract calling for the completion of a building in accordance with specifications in the contract is to be construed as one to furnish such a thing as ought reasonably to satisfy the buyer and not as one permitting him to express dissatisfaction merely for the purpose of repudiating his contract.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  E. P. Shortall, Judge. Reversed.

The facts are stated in the opinion of the court.

I. M. Peckham for Appellant.

J. J. Lermen for Respondent.

NOURSE, J.—Plaintiff sued in damages for breach of contract in the sum of $950.  Defendant answered, setting up a counterclaim for $250.  The complaint alleged that on October 8, 1919, plaintiff sold to defendant a certain lot of real estate, with improvements which were then being con-

structed thereon, and that a written memorandum of sale was thereupon duly made, executed and delivered by both parties. This memorandum was set out in full in the complaint. It appears therefrom that the parties agreed upon the terms of sale of a six-room house which plaintiff was constructing upon the premises; that defendant paid plaintiff $250 deposit thereon; that this deposit was to be returned to defendant if all work and material was not satisfactory to him on completion; that certain work was to be done in the house to meet the demands of the defendant as specified in the contract, and that the house was to be painted on both the outside and the inside in colors to suit defendant; fixtures and wall-paper were to be selected by defendant and installed to suit defendant; hardwood floors, tiling, and a shower-bath to suit defendant were to be installed. The complaint alleged that all these conditions were duly performed and that the work was completed as called for by the contract, but that the defendant on the second day of December, 1919, repudiated the contract and wrote the plaintiff a letter stating that he did not like the way the house was completed.

Defendant answered, putting in issue some of the allegations of the complaint, particularly the execution of the contract and the completion of the work called for by the contract. A separate defense was set out in the answer alleging that defendant paid plaintiff $250 on the eighth day of October, 1919, with the understanding and agreement that the whole would be returned to defendant on demand unless the work and material in the improvements to the house were satisfactory to defendant on completion. It was then alleged "that *all* of said work and material was not satisfactory." The answer closed with a prayer that plaintiff take nothing, but that defendant have judgment on his counterclaim for the sum of $250.

Thereafter defendant moved for judgment on the pleadings upon the ground that under the admissions and allegations of plaintiff in the pleadings on file defendant was entitled to judgment in the sum of $250. This motion was granted, and from the judgment following plaintiff appeals.

[1]   On defendant's motion for judgment upon the pleadings all the material allegations of plaintiff's complaint

54 Cal. App.—44

must be deemed true. **[2]** That the complaint stated a cause of action cannot be denied. The pleading of the written contract for the sale of the property, the due performance by plaintiff of all conditions on his part to be performed thereunder, the repudiation thereof by defendant, and the damage caused thereby to plaintiff, was in sufficient form. **[3]** On consideration of the motion for judgment on the pleadings the court could not pass upon the denials contained in the answer as to the execution of the contract or any other material matter alleged therein. **[4]** The contract called for the *completion* of the building in accordance with specifications in the contract. Such an agreement is to be construed as one to furnish such a thing as ought reasonably to satisfy the buyer and not as one permitting him to express dissatisfaction merely for the purpose of repudiating his contract. (*Tiffany* v. *Pacific Sewer Pipe Co.*, 180 Cal. 700, 702 [6 A. L. R. 1493, 182 Pac. 428]; *Bryan Elevator Co.* v. *Law*, 31 Cal. App. 204, 215 [160 Pac. 170].)

The trial court treated the counterclaim of defendant as a cross-complaint and gave judgment for the defendant thereon. This having been set up as a separate answer and defense to plaintiff's complaint, all the allegations contained therein must have been deemed denied. There is nothing in plaintiff's complaint which can be construed as an admission of the essential allegations of this counterclaim.

Judgment reversed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 25, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 27, 1921.

All the Justices concurred.

Lawlor, J., was absent, and Richards, J., *pro tem.*, was acting.