# Trimble *v.* Anderson.

*Action for Libel.*

1. *When action lies.*—To support an action for libel, when the complaint alleges no special damage, the publication must be libellous *per se*—must charge an indictable offense, or must tend to subject the plaintiff to public hatred, contempt, or ridicule, or to exclude him from association with virtuous and honorable men.

2. *Same.*—A notice published in a newspaper, warning all persons against trading for two notes, alleging that the plaintiff had obtained them, without consideration, from a person whose mental condition at the time was such as incapacitated him for business, is not

[Trimble v. Anderson.]

libellous *per se;* for he might have procured them by gift, and without any knowledge or suspicion of the donor's mental incapacity.

3. *Demurrer.*—Whether the publication, as set out in the complaint, is libellous *per se,* is properly determined by the court on demurrer, notwithstanding the averment that it was made falsely, maliciously, and with the intent to defame plaintiff.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. HENRY C. SPEAKE.

This action was brought by Alonzo F. Trimble, against W. R. Anderson and A. R. Anderson, to recover damages for the publication by them of an alleged libel, in a newspaper published in the town of LaFayette in said county. The article was headed *Notice,* was signed by the defendants, and in these words : Whereas A. F. Trimble did obtain from J. R. Anderson, for no consideration, on the 15th November, 1884, one note payable one day after date to Fannie Trimble, for $500 ; also, at the same time, one note payable one day after date to Mary V. Lanier, for $400 : we warn all persons against trading for said notes, as said J. R. Anderson's mental condition was such at the time as to incapacitate him for business, and said notes will be contested by law." The complaint claimed damages of the defendants, "for falsely and maliciously publishing of and concerning plaintiff," in a specified newspaper, "the following false and defamatory matter, with intent to defame him," setting out the publication. The court sustained a demurrer to the complaint, on the ground that the words were not actionable; and the judgment on the demurrer is now assigned as error.

DOWDELL & DENSON, for the appellant.—The demurrers ought to have been overruled, because the publication was libellous.—*Cooper v. Greely,* 1 Denio, 347 ; *White v. Nichols,* 3 How. 449 ; *Stow v. Converse,* 8 Amer. Dec. 189 ; *Van Ness v. Hamilton,* 19 Johns. 367 ; *Steele v. Southwick,* 9 Johns, 214 ; *Riggs v. Denniston,* 3 John. Cas. 198 ; 2 Wils. 403 ; *Dexter v. Speer,* 4 Mason, 115 ; *Com. v. Wright,* 1 Cush. 46 ; *Miller v. Butler,* 6 Cush. 7 ; Cooley on Torts, § 206 ; 4 Wait's Ac. & Defenses, 281 ; Townshend on Libel, § 176. The demurrer admits that the words were spoken falsely, maliciously, and with intent to defame plaintiff; and the court should have left the jury to decide, under proper instructions, whether the publication was libellous.—4 Wait's A. & D. 291, § 5.

W. H. BARNES, *contra,* cited *Henderson v. Hale,* 19 Ala. 154 ; *Rice v. Simmons,* 2 Harr. 417, or 31 Amer. Dec. 766 ; 6 Ohio, 531 ; *Colley v. Reynolds,* 6 Verm. 489 ; 31 Amer. Dec. 556 ; 37 Amer. Dec. 773.

[Kyle v. Bellenger.]

SOMERVILLE, J.—The action is one for libel. The complaint contains no averment of any special damage alleged to have been sustained by the plaintiff. To be actionable, therefore, the publication made by the defendants concerning the plaintiff must be libellous *per se*—that is, it must charge an indictable offense, or its tendency must be to subject the plaintiff otherwise to public hatred, contempt, or ridicule, or to exclude him from association with virtuous and honorable men. If the words used, when fairly interpreted, involve no imputation having this tendency, the charge that they were published falsely and maliciously can not impart to them a libellous signification or nature.—*Henderson v. Hale*, 19 Ala. 154; Cooley on Torts, 205–208; *King v. Root*, 21 Amer. Dec. 102; *Rice v. Simmons*, 31 Amer. Dec. 766.

The words used in the publication set out in the complaint charge no indictable offense. They impute no fraud, dishonesty, or other moral turpitude to the plaintiff; nor can we see that they tend in any way to render him odious in public estimation, or to exclude him from respectable associations. The substance of the publication is, that the plaintiff had obtained certain promissory notes from the father of the defendants, while his mental condition incapacitated him for business, and without paying any consideration for such notes. It may be that the plaintiff obtained the notes in question by gift, and without any knowledge, or even suspicion, of the father's mental condition. In any event, the publication, in our opinion, is not libellous.

The question as to whether a libellous signification could be attributed to the words used was properly determined by the court on the demurrer to the complaint.—*Henderson v. Hale*, 19 Ala. 154, 160; 2 Greenl. Ev. (14th Ed.) § 411, *note* (a); *Shattuck v. Allen*, 4 Gray, (Mass.) 546.

Affirmed.