### JEREMIAH LOMBARD *vs.* JAMES LENNOX.

Essex.   November 4, 1891. — November 25, 1891.

Present: ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*False Accusation — Discharge from Employment — Damages — Injury to Feelings.*

If a false statement unjustifiably made to an employer respecting an employee has the effect to deprive the latter of his employment, on which he relies for his support, such employee, in an action against the person making the statement, may recover for the injury to his feelings.

TORT. The declaration alleged that the plaintiff, on August 23, 1890, was employed as a laborer by Waldo L. Pevear at Lynn; "and that the said Pevear was entirely satisfied with the services rendered by him, and that said defendant maliciously and wilfully, and with intent to prevent said plaintiff from having employment, influenced, persuaded, and induced said Pevear to discharge plaintiff from his said employment, thereby materially injuring the plaintiff in his business and prospects, and wrongfully deprived him of the means of obtaining a living." Answer, a general denial.

Trial in the Superior Court, without a jury, before *Sherman*, J., who allowed a bill of exceptions, as follows:

"It appeared in evidence that the plaintiff was employed by Waldo L. Pevear, a manufacturer of boots and shoes; that there was a general understanding between such manufacturers, that in case an apprentice to one went to work for another, upon that fact being called to the attention of the latter, he should discharge the apprentice. The defendant, being also a manufacturer, believing the plaintiff to be an apprentice of his, (the defendant,) so informed said Pevear, and he thereupon

discharged the plaintiff. As a matter of fact, the plaintiff had been an apprentice of the defendant, but was not at that time.

"Upon these facts the plaintiff requested the court to rule that plaintiff was entitled to damages for the injury to his feelings, but the judge refused so to rule, and found for the plaintiff as damages the sum of forty dollars. To which refusal to rule the plaintiff excepted, and prays that his exceptions may be allowed. Declaration to be referred to."

*W. D. Northend*, for the plaintiff.

*H. P. Moulton*, for the defendant.

KNOWLTON, J. We understand the plaintiff's counsel and the presiding justice to have intended to present by this bill of exceptions the question whether, on the facts found, the court might properly infer that there was an injury to the plaintiff's feelings for which he should have compensation, and not the question whether these facts conclusively establish the existence of such an injury.

If the ordinary and natural consequence of the acts set out in a declaration and proved in an action of tort is to cause an injury to the feelings of the plaintiff, and if the acts are done wilfully, or with gross carelessness of the rights of the plaintiff, damages may be recovered for mental suffering. This rule has been applied in actions of trespass to real estate, as well as in others. *Meagher* v. *Driscoll*, 99 Mass. 281. *Fillebrown* v. *Hoar*, 124 Mass. 580, 585.

The wrongful act of the defendant in the present case was analogous to an ordinary actionable slander. It was a false statement, unjustifiably made, which imputed to the plaintiff a disregard of his obligations as apprentice to the defendant, and which had the effect to deprive the plaintiff of the employment on which he relied for his support. In *Markham* v. *Russell*, 12 Allen, 573, 575, Chief Justice Bigelow says: "Undoubtedly the material element of damage in an action for slander is the injury done to character. But it is not the sole element. A jury have a right also to consider the mental suffering which may have been occasioned to a party by the publication of slanderous words. When an injury has been inflicted on the reputation of a party sufficient to sustain an action at all, he has a right to recover a reasonable compensation for the distress and anxiety

which may have been the natural result of the legal wrong which has been done to him."

In the case at bar the wrong was inflicted directly upon the plaintiff by making a false accusation against him, which, if believed, would be likely to cause his discharge from the service in which he was engaged. Such an accusation would naturally cause the plaintiff mental suffering and anxiety in reference, not only to the estimation in which he would be likely to be held by Pevear, for whom he was working, or by others to whom the fact of his discharge might become known, but also to its effect upon his income, through the loss of his situation.

The plaintiff's request for a ruling was made upon the facts proved, and the refusal seems to have been without reference to any question of pleading. But we are of opinion that the declaration, as well as the facts in evidence, was sufficient to warrant an estimate of damages to the plaintiff's feelings. While there is no express reference to the effect of the defendant's wrongful acts on the plaintiff's feelings, the facts alleged are such as would naturally cause the plaintiff mental suffering, and there is nothing to preclude the court from considering all the natural consequences of them.          *Exceptions sustained.*