F. A. SEEBOLD v. HANS J. TATLIE.

April 27, 1899.

Nos. 11,603—(101).

**Promissory Note—Alteration of Date of Maturity.**

> A note dated July 12, 1897, was made payable November 1, 1897; but, after the execution and delivery of the same, the payee, without the knowledge or consent of the maker, fraudulently altered it so as to make it payable in 30 days after date. *Held*, the alteration is material, and the altered note is void, even in the hands of an innocent indorsee for value before maturity.

Action appealed from justice court to the district court for Clay county to recover upon a promissory note for $33.50. The case was tried before Baxter, J., who found in favor of defendant; and from an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*F. H. Peterson* and *G. Halvorson*, for appellant.

*A. T. Cole* and *C. G. D. Johnson*, for respondent.

CANTY, J.

This is an action on a promissory note made by defendant to one Hall, who indorsed it to plaintiff. The note is dated July 1, 1897, and is payable 30 days after date. The case was tried by the court without a jury on a stipulation of facts, in which it is stated

"That said Hall originally presented said note without due date, and defendant refused to sign same; that thereupon said Hall desired to make said note due one month from date thereof, and defendant refused; that thereupon said Hall, by agreement with defendant, made said note due and payable on November 1, 1897, and that said due date, in words, letters, and figures, was written across the end of said note; that thereupon defendant signed said note, and delivered the same to said Hall. * * * That said Hall afterwards changed the terms of said note and contract by tearing off the due date, November 1, 1897, and inserting with his own hand the due date appearing on said note; that said change was made without the consent, knowledge, acquiescence, or acceptance of the defendant, and prior to the sale of said note to the plaintiff herein."

The court found for defendant, and plaintiff appeals from an order denying a new trial.

In our opinion, the order appealed from should be affirmed. It sufficiently appears that the note has been fraudulently altered, and the alteration is material, so that the note in suit is a forgery, and therefore void, even in the hands of an innocent indorsee for value before maturity.

Appellant contends that it is merely a case of filling in a blank date in a note signed with such date left blank. We cannot so hold. Nothing of the kind appears from the stipulation of facts, and it appears from the altered note, the original of which has been certified up to this court, that said note was written on a piece of common letter paper, and across the ruled lines of the same. The place and date of its making occupy the first line of the writing. The next line commenced about one-third of the length of the note from the right-hand end of the same, and before this line were so fraudulently inserted the words "thirty days after date." The case is not like one where the instrument is written on a printed blank, and the blank for the date is not filled in when the instrument is signed and delivered.

Order affirmed.