# Tennessee Coal, Iron & Railway Co. *v.* Kelly.

### *Libel.*

(Decided Feb. 10, 1910. 51 South. 604.)

*Libel and Slander; Libelous Per se.*—Such conduct not being a crime necessarily, it is not libelous per se to write or say of another that he had made trouble at the mine, or that he had run negroes out of their home.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Charles A. Kelley against the Tennessee Coal, Iron & Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

See, also, 163 Ala. 348, 50 South. 1008.

The writing referred to as contained in the complaint, is in the shape of a letter, addressed to Messrs.

Waggoner & Hannon, Henry Ellen, Ala., and it is as follows: "The names of your employes who yesterday caused trouble at the Henry Ellen mine of the Tennessee Coal, Iron & Railroad Company, are —— Kelley (father) and —— Kelley (son), and six others (naming them). The further employment by you of any of these parties in connection with your sawmill operations is objectional to the T. C., I. & R. R. Co., and I will request that you discharge them at once, whether they claim to be members of the miners' union or whether they are not. (Signed) W. B. Allen, Mgr. of the Land Department."

There is another letter, addressed to the same parties, as follows: "The superintendent of the Coal, Iron & Railroad Company at Henry Ellen reports this morning that yesterday members of the miners' union in your employ ran the negro employes of the company, who are not members of the miners' union, out of their houses, and otherwise demoralized the organization of the coal mines department to such an extent that this morning no one is at work in the mine. I have heretofore notified you, through Mr. Wingate, that the members of the miners' union in your employ should be discharged.'

Charge 8, refused to the defendant, is as follows: "I charge you that there is no evidence in this case of any words published concerning the plaintiff by the defendant which are in themselves a libel."

PERCY & BENNERS, for appellant.—Demurrers should have been sustained to counts 1, 5, 6, and 7, as there are an indefinite number of ways in which a message might be sent or a conversation uttered that would cause plaintiff lack of employment, and the defendant should be advised as to what conversation or message is relied

on.—*Morgan v. Dunphy,* 52 L. R. A. 115; *Dive v. Albes,* 41 N. E. 122; *May v. Wood,* 52 N. E. 191. The evidence shows that the contract between the company and the defendant had been rescinded by their mutual agreement, and even if the defendant had breached the contract with the lumber company, plaintiff would have no cause of action, and therefore, the affirmative charge as to count 1 should have been given.—*Lovejoy v. Bessemer W. W. Co.,* 146 Ala. 374. Plaintiff was entitled to no more than nominal damages.—*Ivy v. Pioneer S. & L. Co.,* 113 Ala. 349. The communication was not libelous per see.—*Gaither v. Advertiser Co.,* 102 Ala. 458; *Ivey v. Pioneer S. & L. Co., supra;* 25 Cyc. 253.: Where the defamatory matter has no specific personal application and is so general that no individual damages can be presumed and the class referred to is so numerous that vexations and oppressions might grow out of the multiplicity of suits, no private suit can be maintained.—25 Cyc. 253; *Storey v. Jones,* 52 Ill. App. 112; *McGraw v. Detroit Free Press,* 85 Mich. 203; *Summer v. Buell,* 12 Johns. 475. Counsel discuss assignments of error relative to evidence, and insist that the letter cannot be made a basis for an action for procuring a wrongful discharge.—*Roycroft v. Toynton,* 33 L. R. A. 225; *Lancaster v. Hamberger,* 65 Ala. 856.

BOWMAN, HARSH & BEDDOW, for appellee.—The court did not err in overruling demurrers to counts 1, 5, 6 and 7.—*Leach v. Bush,* 57 Ala. 153; *L. & N. v. Marbury,* 125 Ala. 237; *Armstrong v. Montgomery St. Ry.,* 123 Ala. 244. The court did not err in refusing the affirmative charge as to count 1.—*Curran v. Gallen,* 37 L. R. A. 802; *Erdman v. Mitchell,* 63 Ala. 537. Plaintiff was certainly entitled to more than nominal damages.—25 Cyc. 250 to 264. The court did not err in overruling

[Tennessee Coal, Iron & Railway Co. v. Kelly.]

demurrer to the 2nd count.—*Wafford v. Meeks*, 129 Ala. 349; *Ivy v. Pioneer S. & L. Co.*, 113 Ala. 349. Counsel discuss other assignments of error, but without citation of authority.

DOWDELL, C. J.—Under the authority of *Trimble v. Anderson*, 79 Ala. 514, the writing set forth in the complaint and averred to be libelous is not per se libelous, and without the averment of special damages there would be no cause of action. Special damages are alleged, in that it is averred that the said writing caused the plaintiff to be discharged from his employment as a laborer at the sawmill of Waggoner & Hannon.

The complaint avers that the defendant wrongfully caused the plaintiff to be discharged from his employment, and on this the claim for damages is predicated. The undisputed evidence shows that the sawmill which was being operated by Waggoner & Hannon in cutting and sawing timber on the defendant's land was closed down on the 3rd day of July, 1906, and was never after that day operated by Waggoner & Hannon, but was after that time operated by the defendant. The letters which the plaintiff claims to have caused his discharge from the employment of Waggoner & Hannon were not written until July 5th, two days after the mill shut down on the 3rd. The plaintiff's employment was by the day, and during the time he was at work he "was hauling logs for Waggoner & Hannon, and helping his father build some houses for them"; "he was paid $1.50 per day, and was paid whenever he wanted it, and didn't quit, but supposed he could quit whenever he wanted to; that he was working by the day." Plaintiff was not at work on the 4th day of July, but on that day was fishing on the river with his father.

Waggoner testified that, after the mill was shut down on the 3rd of July, it was never again operated by Waggoner & Hannon; that it was voluntarily turned over by them to the defendant, which afterwards operated it. This witness also testified that, "while the sawmill in question was owned by the firm of Waggoner & Hannon, it was run under the supervision of the defendant's superintendent." This testimony is undisputed. The witness testifies that Waggoner & Hannon while operating the sawmill, employed their own labor and paid for it; but he also testifies that, when they contracted with the defendant to operate the sawmill on its land, there was an understanding that they were not to employ any one who was objectionable to the defendant.

The writer is of the opinion, in which Justice Anderson concurs, that the defendant was entitled to the general affirmative charge as requested. The pleadings and issues in this case are the same as the pleadings and issues in the case of *Tennessee Coal, Iron & Railroad Co. v. Henry Kelley*, 163 Ala. 348, 50 South. 1008. Likewise the evidence in the two cases, on questions going to the merits, is substantially the same. The principles of law stated in the cited case are applicable here. Charge 5, held good in that case, and the refusal of which to the defendant constituted reversible error, is substantially the same as charge 8, in this case, which was refused to the defendant.

Justices SIMPSON, McCLELLAN, MAYFIELD, and SAYRE concur in the conclusion that the refusal of charge No. 8 was error.

Reversed and remanded.