HARRISON v. BURGER et al.   (6 Div. 236.)

(Supreme Court of Alabama. March 26, 1925. Rehearing Denied April 30, 1925.)

I. **Libel and slander** ⚖️⇒6(3)—**Written statement by retail merchant, that customer owed a past-due account and failed to pay it, held not libelous per se.**

Written statement by retail merchant to credit men's association, of which he was a member, that a customer, not engaged in occupation where credit was essential, owed him

an account which was long past due, and which customer had failed to pay, *held* not libelous per se.

**2. Libel and slander ⬤⟹12—Words not actionable per se become actionable when damages result as natural consequence.**

Words not actionable per se are rendered actionable when damage results as a natural consequence therefrom, or because such result was so intended.

**3. Libel and slander ⬤⟹89(1)—Plaintiff must allege special damages, where defamatory publication not actionable per se.**

Where alleged defamatory publication is not actionable per se because damages would not result therefrom as a necessary consequence, plaintiff must allege special damages.

**4. Libel and slander ⬤⟹80—Counts in complaint, failing to allege that defendant "falsely and maliciously" published alleged defamatory statement, held defective.**

In suit against merchant for making written statement to credit men's association that plaintiff had failed to pay a long past-due account, counts in complaint, alleging that defendant wrongfully and negligently or wantonly made such statement, were defective in failing to allege that statement was made "falsely and maliciously" (citing Words and Phrases, Second Series, "Wanton").

**5. Libel and slander ⬤⟹89(2)—Counts in complaint held defective in failing to sufficiently allege special damages suffered.**

In suit against merchant for making written statement to credit men's association, that plaintiff had failed to pay a long past-due account, counts merely alleging that plaintiff was greatly humiliated and embarrassed, and was caused to suffer great mental anguish, and her credit and standing and character were greatly damaged, were defective in failing to sufficiently allege special damages.

**6. Libel and slander ⬤⟹89(2)—Count in complaint held to sufficiently allege special damages and to state a cause of action.**

In action against merchant for making written statement to credit men's association that plaintiff had failed to pay a long past-due account, count alleging that plaintiff's credit was impaired, and that she was unable to get credit at other stores, and that language used was "falsely and maliciously" published in writing, *held* to sufficiently allege special damages suffered and to state a cause of action.

**7. Partnership ⬤⟹200—Action for libel may be maintained against partnership and individual members.**

An action for libel may be maintained against a partnership and individual members thereof.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Suit for damages by Mrs. T. V. Harrison against Jacob Burger and others, doing business as the Burger Dry Goods Company.

Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Count 1 of the complaint alleges that on June 27, 1922, defendants were engaged in the retail mercantile business in the city of Birmingham; that for a long time prior thereto plaintiff had been a customer of defendants, had been extended credit, and had promptly paid all indebtedness due by her to defendants; that defendants were members of the Associated Retail Credit Men of Birmingham, composed of a large number of retail stores, and affiliated with the Retail Credit Men's National Association—an organization composed of retail credit men in the various states; that one object of the Birmingham association was to ascertain and report to its various members regarding the promptness with which the customers of the various members paid their accounts. It is averred that—

"On to wit, the date aforesaid" plaintiff "was not indebted to the defendants in any sum, and, notwithstanding that, the defendants wrongfully and negligently reported to the Associated Retail Credit Men of Birmingham, in substance, that the plaintiff owed the defendants an account which was then long past due, and which the plaintiff had failed to pay, and as a proximate consequence the plaintiff avers that her credit was greatly damaged in the city of Birmingham; that she was caused to be refused credit by the retail merchants in the city of Birmingham; that she was caused to be harrassed and annoyed, inconvenienced, embarrassed, and humiliated by various and sundry letters sent her by said Associated Retail Credit Men, demanding payment of said account; that plaintiff was caused to suffer great mental pain and anguish, was caused to be embarrassed and chagrined, and her credit and financial standing in the city of Birmingham was greatly impaired, all to her damage," etc.

The second count adopts the language of the first, and adds an averment that—

"A servant, agent, or employé of the defendants, * * * while acting within the line and scope of his employment, wantonly caused the plaintiff to sustain the aforesaid injury and damage, by wantonly and wrongfully reporting, * * * in substance, that the plaintiff owed the defendants an account which was long past due and which the plaintiff would not pay."

The third count adopts all of count 1 except the words "wrongfully and negligently" as therein used, and adds an averment differing from that added by count 2 only in the substance of the report alleged to have been made, viz.: That plaintiff owed an account, etc., which she "had not paid."

Counts 4, 5 and 6 are as follows:

"(4) The plaintiff claims of the defendants $10,000 damages for falsely and maliciously publishing of and concerning plaintiff in writing the following matter, with intent to defame the plaintiff, viz.: That plaintiff owed the defendants an account which was then past

due, and which plaintiff had failed to pay, viz. on to wit. the 27th day of June, 1922, and as a proximate consequence plaintiff avers that she was greatly humiliated and embarrassed, and was caused to suffer great mental anguish, and her credit and standing and character were greatly damaged, all to her damage in the sum aforesaid."

"(5) The plaintiff claims of the defendants $10,000 damages for falsely and maliciously charging the plaintiff with not paying a debt and owing defendant money, by speaking of and concerning her in the presence of divers persons, in substance, as follows: Plaintiff owed Burger Dry Goods Company an account that was past due and which plaintiff refused to pay, viz. on to wit, the 27th day of June, 1922."

"(C) The plaintiff claims of the defendants $10,000 damages, for that heretofore on to wit, the 27th day of June, 1922, defendant was engaged in the mercantile business in the city of Birmingham and a member of a credit association that was engaged in the accumulation and distribution of information relating to the obtaining of credit by individuals; that on to wit, said date defendants knew that any information imparted to said association would be acted on by said association in determining plaintiff's right to credit in the city of Birmingham, and, notwithstanding such knowledge, defendants falsely and maliciously published of and concerning plaintiff in a writing to said credit association, in substance, that plaintiff was indebted to defendants; and as a proximate consequence, plaintiff avers that her credit was impaired, that she was unable to get or obtain credit in other stores in Birmingham, that she was humiliated and embarrassed, and annoyed and caused to suffer great mental pain and anguish, all to her damage in the sum aforesaid."

Horace C. Wilkinson, of Birmingham, for appellant.

Count 1 was not subject to demurrer. Sparks v. McCrary, 156 Ala. 382. The words charged in count 2 were actionable. American Ins. Co. v. France, 111 Ill. App. 383; Morasse v. Brochu, 151 Mass. 567, 25 N. E. 74, 8 L. R. A. 524; Hollenbeck v. Ristine, 105 Iowa, 488, 75 N. W. 355, 67 Am. St. Rep. 306; Hammond v. Hussey, 51 N. H. 40, 12 Am. Rep. 41; Lombard v. Lennox, 155 Mass. 70, 28 N. E. 1125, 31 Am. St. Rep. 528; Briggs v. Brown, 55 Fla. 417, 46 So. 325; Ratliff v. Evans, [1892] L. J. 61 Q. B. 535; 36 C. J. 1150. Counts 4, 5, and C were sufficient. Ferdon v. Dickson, 161 Ala. 181, 49 So. 888; Werner v. Vogeli, 10 Kan. App. 536, 63 P. 607; Turner v. Brien, 184 Iowa, 320, 167 N. W. 584, 3 A. L. R. 1585; Brenner Brewg. Co. v. McGill (Ky.) 62 S. W. 722, 23 Ky. Law Rep. 212; Minter v. Bradstreet Co., 174 Mo. 444, 73 S. W. 668; Tuyes v. Chambers, 144 La. 723, 81 So. 265.

London, Yancey & Brower and Clara Cain, all of Birmingham, for appellees.

The several counts were insufficient; authorities cited by appellant are inapt. Counts for joint cause of action cannot be joined with a count for several causes of action. McMahen v. W. U. T. Co., 209 Ala. 319, 96 So. 265.

GARDNER, J. Appellant sued appellee to recover damages for an alleged false report concerning her credit and indebtedness to appellee. Demurrer was sustained to several counts of the complaint, and, plaintiff declining to plead further, judgment was rendered for defendant.

Counsel for appellant seem to be under the impression that the trial court sustained the demurrer to counts A and B, but the minute entry in the record before us, and by which of course we are governed, discloses to the contrary that demurrer thereto was overruled. The ruling as to count 3 is not argued, leaving for consideration therefore the sufficiency of counts 1, 2, 4, 5, and C, to which demurrers were sustained.

The defendant is alleged to have published of and concerning plaintiff that she owed defendant an account which was past due, and which she failed to pay, or, as in other counts, which she had refused to pay, and in count C merely that plaintiff was indebted to defendant.

There are authorities to the effect that "a publication which imputes an unwillingness or refusal to pay his just debts is libelous per se." 36 Corpus Juris, 1170. This language found repetition in Ferdon v. Dickens, 161 Ala. 181, 49 So. 888. The language therein considered, however, charged much beyond the mere failure or refusal to pay a debt. McDermott v. Union Credit Co., 76 Minn. 131, 78 N. W. 967, 79 N. W. 673. In many of the cases it is said that words charging nonpayment of debts or insolvency are actionable without special damage being shown, when they refer to merchants, tradesmen, or others in occupations where credit is essential. Stannard v. Wilcox Sewing Machine Co., 118 Md. 151, 84 A. 335, 42 L. R. A. (N. S.) 515, Ann. Cas. 1914B, 709.

[1] Plaintiff in the instant case was not so engaged, so far as any count in the complaint discloses. We are persuaded that, by the weight of authority as well as sound reasoning, the words alleged to have been written of plaintiff, under the circumstances herein disclosed, were not libelous per se. 36 Corpus Juris, 1170; Stannard v. Wilcox Sewing Machine Co., supra, and authorities cited in the note; Trimble v. Anderson, 79 Ala. 514; Cooley on Torts (2d Ed.) p. 242 and note.

[2, 3] Words, however, which are not actionable per se, are rendered actionable when damage results as a natural consequence therefrom, or by reason of the fact that such result was so intended. 17 R. C. L. p. 311. In such cases, therefore, when the language used is not actionable per se, it is incumbent upon the plaintiff to allege special damages.

"If the publication is not privileged and is not actionable per se because the publication as ordinarily understood will not naturally and necessarily cause injury, damages may be recovered upon proper allegations and proofs for such special injury as is the natural and proximate, though not necessary, consequence of the wrongful publication." Briggs v. Brown, 55 Fla. 417, 46 So. 325.

In Cooley on Torts, supra, p. 242, the author says:

"Besides the publication mentioned [having reference to those libelous per se], any untrue and malicious charge which is published in writing or print is libelous when damages are shown to have resulted as a natural and proximate consequence."

There are many cases sustaining an action of this character, where the language used was not in itself defamatory, but was charged as having been falsely and maliciously published, and plaintiff suffered special damages therefrom. Morasse v. Brochu, 151 Mass. 567, 25 N. E. 78, 8 L. R. A. 524, 21 Am. St. Rep. 474; Am. Ins. Co. v. France, 111 Ill. App. 383; Hollenbeck v. Bristine, 105 Iowa, 488, 75 N. W. 355; Lombard v. Lennox, 155 Mass. 70, 28 N. E. 1125, 31 Am. St. Rep. 528; Hammond v. Hussey, 51 N. H. 40, 12 Am. Rep. 41.

The court, in Trimble v. Anderson, supra, directed attention to the fact that the complaint contained no averment of special damages. To justify recovery in cases of this character, however, it seems the plaintiff should allege the publication was done falsely and maliciously, or with the express purpose of injuring plaintiff, and that injury did so result. Such, in effect, is the holding of the foregoing authorities. See, also, 36 Corpus Juris, 1170; 25 Cyc. 372–375.

In Ivey v. Pioneer Sav. Co., 113 Ala. 349, 21 So. 531, it was held in actions for libel the complaint should allege "that the words were falsely and maliciously published." There are authorities, however, to the effect that words equivalent to the word "maliciously" may be used. 25 Cyc. 444. Whether the words so substituted constitute such equivalent may frequently present a question of difficulty, and the rule of pleading as stated in Ivey v. Pioneer Sav. Co., supra, is so plain and simple we see no occasion for the pleader to attempt to depart from it.

[4] Under this rule count 1 is defective. In view of the varying definitions of the word "wanton" (4 Words and Phrases, Second Series, pp. 1236, 1238), we are inclined to the view that count 2 is subject to like criticism. At least, it does not meet the rule of the Ivey Case, supra. We have observed that in this particular case plaintiff must allege special damages as distinguished from what are denominated general damages.

"Special damages are such as result approximately, but not ordinarily, from the wrong complained of. They are either superadded to

212 ALA.—43

general damages arising from an act injurious in itself, or are such as will arise from an act not actionable in itself, but injurious only in its consequences—such as really occur. Of a claim of such damages defendant ought to be specially informed." Lay v. Postal Tel. Co., 171 Ala. 172, 178, 54 So. 529; Irby v. Wilde, 150 Ala. 402, 43 So. 574; Dowdall v. King, 97 Ala. 635, 12 So. 405; Sloss-Sheffield Steel & Iron Co. v. Dickinson, 167 Ala. 211, 52 So. 594; 17 Corpus Juris, 715.

[5, 6] We are of the opinion the foregoing authorities support the view that counts 4 and 5 are defective in failing to sufficiently allege special damages suffered by the plaintiff. We think, however, that count C suffices in that respect as showing that as a consequence of the false publication plaintiff's credit was impaired, and that she was in fact unable to get credit at other stores in Birmingham. This, in our opinion, meets the requirements as to special damages. This count alleges that the language used was falsely and maliciously published in writing, and, followed by averments of special damages suffered, is sufficient as stating a cause of action as disclosed by the authorities herein previously cited.

[7] It was no objection to the complaint that the partnership was sued, and the individual members thereof. Atlantic Glass Co. v. Paulk, 83 Ala. 404, 3 So. 800; 17 R. C. L. 383.

It results that the court erred in sustaining the demurrer to count C. Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

## On Rehearing.

GARDNER, J. Upon application for rehearing by counsel for appellant, it is insisted that the court has failed to definitely decide as to the sufficiency of count 1. We have held the count insufficient, and have cited several of the authorities relied upon by appellant, stating the conclusion deduced therefrom as to what is necessary to be alleged in actions of this character. Counsel has attached much importance to statements in some of authorities to the effect that such an action may not, strictly speaking, be properly classed as a libel action; but, as said by the court in Craig v. Procter, 229 Mass. 339, 118 N. E. 647, "this is of no importance," and in Morasse v. Brochu, supra, "the name of the action is of no consequence." The cases do not differ in this essential element, and are, in substance and effect, libel actions, broadly speaking, within the definition of Cooley on Torts, supra. We do not find any of the cases cited supporting the insistence of the sufficiency of count 1, charging only simple negligence.

In brief, upon this application counsel

state that the only case in point was the English authority found in the original brief for appellant. This was the case of Ratcliffe v. Evans, L. J. 1892, 61 Q. B. 535, but that action was denominated an action of libel by the plaintiff, and alleged that the "defendant had falsely and maliciously printed and published of him in relation to his business" the matters therein set out. It is noted in the quoted language that the matter complained of was alleged to have been falsely and maliciously published, and this should suffice, without further discussion of that authority to demonstrate it is not at all a case in point as to the sufficiency of count 1. This count therefore appears unsupported by any authority cited by counsel, or which has otherwise come to our attention.

We were of the opinion the original consideration of this cause had with sufficient definiteness disposed of count 1. The authorities were cited, and our conclusion deduced therefrom. The foregoing comments constitute but an elaboration of what was originally stated and decided, and as a response to the application for reconsideration in deference to the earnest insistence of counsel.

Application for rehearing denied.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.