[Civ. No. 8890. First Appellate District, Division One.—August 18, 1933.]

CARL E. BARTLETT, Appellant, v. THE FEDERAL OUTFITTING COMPANY, INC. (a Corporation), et al., Respondents.

Lionel B. Benas and B. E. Kragen for Appellant.

Edgar C. Levey and Marvin E. Lewis for Respondents.

THE COURT.—This is an appeal from a judgment on the pleadings after the impaneling of a jury and from an order dismissing the action without leave to amend, upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

The complaint comprises two causes of. action: one sounding in libel for the special damages alleged therein, for general damages and also for punitive damages for malice; the second for damages for the negligence of defendants in committing the acts complained of. A demurrer to plaintiff's complaint was interposed, argued and overruled. At the trial, and after a jury had been impaneled, the court required plaintiff to elect upon which cause of action he would proceed to trial. Plaintiff elected to stand on the first. Upon motion of defendants the court then dismissed the action upon the ground that the complaint failed to state facts sufficient to constitute a cause of action, and granted a judgment for defendants without leave to amend.

The causes of action as set forth in plaintiff's complaint are substantially as follows: The first alleged that plaintiff was employed by the Sun Life Assurance Company, and was engaged by that company under a contract a portion of which provided in substance that plaintiff could not assign his commissions, or any part thereof, to any firm, person or corporation, and that in the event of such assignment his contract with the company would be canceled. It is then alleged that defendants maliciously mailed to plaintiff's employer a notice of assignment of wages by plaintiff, which assignment was in fact and in truth never made. As a result of this act on the part of defendants, plaintiff was discharged and his contract canceled, causing him the loss and damage alleged in his complaint. The second count is one for damages for the negligence of defendants in publishing such notice and assignment.

In reaching the conclusion that the complaint failed to state a cause of action, the trial court was of the opinion that as the first count of the complaint was based upon the theory of libel, the words in the alleged publication, being clear and unequivocal and not libelous *per se,* were not libelous at all. In support of the conclusion of the trial court, respondents have cited us to the following authorities:

*Hearne* v. *De Young*, 119 Cal. 670 [52 Pac. 150, 499]; *Des Granges* v. *Crall*, 27 Cal. App. 313 [149 Pac. 777]; *Chavez* v. *Times-Mirror Co.*, 185 Cal. 20 [195 Pac. 666]; *Bates* v. *Campbell*, 213 Cal. 438 [2 Pac. (2d) 383]; *Vedovi* v. *Watson & Taylor*, 104 Cal. App. 80 [285 Pac. 418]. In none of these cases, however, was special damage pleaded for the purpose of stating a cause of action. Under these circumstances the courts have held that words of common or ordinary import contained in a publication are either libelous *per se* or not at all. Where, as here, however, special damages are pleaded, this rule does not obtain.

■ Plaintiff charged, and for the purposes of this case we are bound to assume the charges to be true (*Allred* v. *Sheehan*, 54 Cal. App. 688 [202 Pac. 681]), that defendants maliciously published a direct falsehood and signed plaintiff's name thereto without his consent or knowledge, and thereby caused plaintiff to suffer damages, which damages were directly alleged. The facts pleaded clearly state a tortious wrong committed by defendants, and this irrespective of whether the action be called one for libel, negligence or damages, and plaintiff should have been permitted to show that the damages suffered were the immediate, proximate and direct result of the actual words published. ■ Where a publication is not libelous *per se*, but special damages or injury is alleged as a natural and proximate result of such publication, and the publication is alleged to be false and to have been maliciously made, it is actionable. ■ A party is liable in tort for all the consequences that reasonably and naturally flow from or follow his wrongful act, whether the consequences were actually contemplated or not. (17 R. C. L. 264, 311 et seq.; Cooley on Torts, 4th ed., p. 499; *Briggs* v. *Brown*, 55 Fla. 417 [46 So. 325]; *Harrison* v. *Burger*, 212 Ala. 670 [103 So. 842]; *Morasse* v. *Brochu*, 151 Mass. 567 [25 N. E. 74, 21 Am. St. Rep. 474, 8 L. R. A. 524]; *Lombard* v. *Lennox*, 155 Mass. 70 [28 N. E. 1125, 31 Am. St. Rep. 528].) ■ While, as above stated, the action may not be technically one for libel if the words are not defamatory, the name of the action is of no consequence provided plaintiff has stated sufficient facts to show a right of recovery. (*Hollenbeck* v. *Ristine*, 105 Iowa, 488 [75 N. W. 355, 67 Am. St. Rep. 306]; *Morasse* v. *Brochu, supra.)

 Respondents further contend in support of the judgment that the alleged publication, not being libelous *per se,* could not become libelous by virtue of the existence at the time of its publication of a specific contract between plaintiff and his employer, the existence of which was not alleged to be customary to the general employment of plaintiff as the publication did not naturally cause damage. Whether defendants knew of the employer's rule that an employee who assigned his wages to a creditor would be discharged is immaterial where one claiming to be an assignee maliciously exhibits a forged wage assignment to the employer. (*Askins* v. *Sparks,* (Tex. Civ. App.) [56 S. W. (2d) 279].)

 And finally, as to the claim that the court erred in compelling plaintiff to elect on what cause of action he would proceed to trial, it is sufficient to say that plaintiff had the right to state his cause of action in inconsistent counts. (*Tanforan* v. *Tanforan,* 173 Cal. 270 [159 Pac. 709].)

The judgment of dismissal is reversed.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 16, 1933.