JOHN CARDIFF, Plaintiff, *v.* BROOKLYN EAGLE, INC., Defendant.

Supreme Court, Special Term, Kings County, October 2, 1947.

*Lewis, Kanter, Rassner & Bermas* for defendant.

*Bernard Master* for plaintiff.

HOOLEY, J. Motion to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. Plaintiff brings the action for a libel allegedly contained in an obituary notice published in defendant's newspaper on February 26, 1947, announcing plaintiff's demise on the preceding day. The notice in question reads as follows: " Cardiff — John Francis Joseph, died Tuesday, February 25, at the home of his brother, Martin, 393 Sterling Place. Mr. Cardiff who fought for Ireland's independence lies in state at 566-4th Avenue. Survived by sister, Kate ".

The plaintiff alleges that not only was he very much alive at the time of the publication and still continues to be, but that as an added aggravation or element of damages the notice in addition specified a place where the remains of the plaintiff was supposedly lying in state, namely 566-4th Avenue, which was not a home, funeral parlor or any such usual place for the wake of a deceased person of plaintiff's religion but was in fact the place of business of said plaintiff, to wit, the bar and grill which plaintiff owned. The complaint further alleges that after the defendant had been notified in writing of the true facts and as to the errors in the publication, that on May 16, 1947, it forwarded to the Cardiff family by mail a

certain solicitation notice and advertising material for the insertion of "In Memoriam" notices in its publication.

The complaint alleges that the publication was libelous, false, malicious and defamatory and caused plaintiff great shock, mental anxiety, disrepute, ridicule and reproach.

There is no claim that defendant knew at the time it took in the advertisement and published the same that the same was untrue. It is obvious that the defendant was imposed upon by someone who desired to embarass the plaintiff.

In *Cohen* v. *New York Times Co.* (153 App. Div. 242) the Appellate Division of this department held that a publication falsely stating that a person has died is not libelous per se. The theory of that case was that there was no injury to plaintiff's reputation, that the publication that an event has come to pass which is looked for in the life of every man and which is beyond his control could not be libelous. The court in that case said in part (p. 246) : " How can the publication of such an event merely as a matter of news, hold up the subject to scorn, to hatred, to contempt or to ridicule so that his reputation is impaired? Such publication may be unpleasant, it may annoy or irk the subject thereof, it may subject him to joke or to jest or to banter from those who knew him or who knew of him, even to the extent of affecting his feelings, but this in itself is not enough. (*Samuels* v. *Evening Mail Association*, 6 Hun, 5; *Lombard* v. *Lennox,* 155 Mass. 70; *Du Vivier* v. *French,* 104 Fed. Rep. 278.) "

Taking up now the reference to the address of the bar and grill. It is obvious that such reference is not libelous upon its face. A person reading the notice would not know that the address therein was that of a bar and grill. An innuendo is necessary to give the language the meaning sued upon. Therefore, under the rule laid down in *O'Connell* v. *Press Publishing Co.* (214 N. Y. 352), where it is necessary to have recourse to extrinsic facts to attempt to prove the libelous nature of the notice, the plaintiff must plead special damages. This he has not done and this alone would be sufficient reason for dismissing the complaint.

However, the court is of the opinion that taking the innuendo to its fullest extent as pleaded by the plaintiff, that nevertheless there is still no libel. It does not tend to expose him to public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation or disgrace, or to induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their confidence and friendly intercourse in

society (*Kimmerle* v. *New York Evening Journal, Inc.* (262 N. Y. 99, 102). At its worst the publication might cause some amusement to plaintiff's friends. But it is difficult to see where his *reputation* would be impaired in the slightest degree and the law of defamation is concerned only with injuries thereto (*Kimmerle* v. *New York Evening Journal, Inc., supra*).

In the case of *McBride* v. *Ellis* (9 Rich. [S. C.] 313), strongly relied upon by plaintiff, the action was against the individual who had the notice inserted and not against the newspaper. Furthermore in *Cohen* v. *New York Times* (*supra*) Judge JENKS in referring to said case said at page 249: "I am not inclined to regard the decision as a precedent."

The sending of the solicitation for the "In Memoriam" notice could only have been considered upon the question of damages if the publication of the notice had been held to be libelous; otherwise it adds nothing to the cause of action.

The motion to dismiss the complaint is granted.