**Jay D. HARRIS, et al., Plaintiffs,**

v.

**HUFFCO PETROLEUM CORPORATION, et al., Defendants.**

**Civ. A. No. 85–1538–H.**

United States District Court, S.D. Alabama, S.D.

March 11, 1986.

James E. Hart, Jr., Brewton, Ala., for plaintiffs.

Rae M. Crowe, David A. Bagwell, Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, Mobile, Ala., for defendants.

### ORDER

HAND, Chief Judge.

In this case this Court is confronted yet again with an ingenious attempt to manipulate the removal statutes to the advantage of a foreign corporation displeased by the prospect of defending a lawsuit in the Alabama state court system at the side of a resident ally. This particular action was filed in the Circuit Court for Escambia County, Alabama, on November 20, 1985. An amended complaint was filed on December 13, 1985, and the removal petition was filed in this Court on December 19, 1985.

The plaintiff's state court complaint, which was not significantly altered by the amendment, alleged five causes of action against two defendants. Plaintiff Jay D. Harris sued Huffco Petroleum Corporation (Huffco) for malicious prosecution, malicious harassment, and breach of contract. Plaintiff Jay D. Harris sued both Huffco and defendant Woodrow Hobson, Jr., for slander. Plaintiff Gertrude E. Harris sued both defendants for loss of consortium.

Huffco's removal petition alleged diversity of citizenship as the basis for jurisdiction. The complaint alleged that Huffco is a corporation with its principal place of business in Texas, and that Hobson is a citizen of Tuscaloosa County, Alabama. The removal petition agrees that Huffco's principal place of business is Texas, and alleges that it is organized under the laws of Delaware. Defendant Hobson, however, does not exactly allege his own citizenship. Basically, defendants contend that Hobson is a citizen of Florida *if plaintiff Jay D. Harris is a citizen of Alabama.* They also contend that plaintiff is actually a citizen of California, thus creating diversity of citizenship between him and Hobson whether Hobson is a citizen of Alabama or Florida. Alternatively, defendants contend that Hobson was fraudulently joined as a party defendant to defeat removal, and that his

presence may be disregarded for purposes of determining diversity of citizenship. Thus, according to defendants, only Huffco's citizenship is relevant, and Huffco is clearly diverse from Harris, whether Harris is a citizen of Alabama or California. The Court will deal with each of these contentions in turn.

▮ Initially, however, the Court notes that removal is a purely statutory remedy, authorized by 28 U.S.C. § 1441. Section 1441(a) authorizes defendants alone to effect removal, while subsection b authorizes the removal of cases based on complete diversity,[1] if none of the defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); *Martin v. Snyder*, 148 U.S. 663, 13 S.Ct. 706, 37 L.Ed. 602 (1893). As the right of removal is statutory, the statute must be strictly construed to limit federal jurisdiction[2] and prevent encroachment on the state court's right to decide cases properly brought before it,[3] especially in diversity cases.[4] The removing defendant or defendants bear the burden of establishing the right to invoke federal jurisdiction.[5]

### I

▮ Turning first to the question of whether there exists diversity of citizenship, the Court observes that the defendant has not alleged that he is a citizen of Alabama, but only that if the plaintiff is allowed to maintain a domicile in Alabama but a residence in California, then defendant should be allowed to maintain a domi-

cile in Florida and a residence in Alabama. These contentions stem from the fact that the plaintiff, while answering certain deposition questions in July of 1985, stated that he lived in California. The defendant contends that plaintiff Jay Harris and defendant Hobson are each engaged in the business acquisition of mineral leasehold interests, requiring continual movement about the country while maintaining a constant domicile. Thus, according to defendants, plaintiffs' assertion of California residence in July, but Alabama domicile in November, obliges the Court to find that Hobson, in November, was a citizen of Florida, or that plaintiff is a citizen of California.[6] This is fallacious. First, this argument attempts to justify diversity *now* on the basis of a situation allegedly existing in July of 1985. The relevant inquiry is where Hobson's domicile[7] was at the time the complaint was filed in November of 1985. As this fact was fully available to defendants at the time removal was filed, and keeping in mind that the defendants bear the burden of demonstrating removability,[8] the defendants' allegations have failed to demonstrate, or even allege, that Hobson was a citizen of a state other than Alabama. Second, the plaintiff's citizenship is quite irrelevant. Even if plaintiff is a citizen of California, (and plaintiff has presented substantial evidence of Alabama citizenship that defendants have not rebutted),[9] if Hobson is a citizen of Alabama, removal is barred by section 1441(b). 28 U.S.C. § 1441(b); *Martin v. Snyder, supra.* Fi-

1. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

2. *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). *See also Voors v. Nat'l Women's Health Org., Inc.,* 611 F.Supp. 203 (N.D.Ind.1985); *Auto Ins. Agency, Inc. v. Interstate Agency, Inc.,* 525 F.Supp. 1104 (D.S.C. 1981).

3. *Town of Freedom, Oklahoma v. Muskogee Bridge Co.,* 466 F.Supp. 75 (W.D.Okla.1978).

4. *Auto Ins. Agency, Inc., supra* note 2.

5. *Pullman Co. v. Jenkins,* 305 U.S. 534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334, 339 (1939); *B., Inc.*

*v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir. 1981); *Weaver v. Miller Electric Mfg. Co.,* 616 F.Supp. 683, 685 (S.D.Ala.1985).

6. The parties agree that the citizenship of Mrs. Harris is identical to that of Mr. Harris.

7. While residence is not determinative of citizenship, domicile and citizenship are synonymous. *See Williamson v. Osenton,* 232 U.S. 619, 34 S.Ct. 442, 55 L.Ed. 758 (1914).

8. *See supra* note 5.

9. Plaintiff filed a sworn affidavit and copies of his driver's license, utility bills and phone deposit receipt.

nally, plaintiff presented a copy of testimony of Hobson taken in February of 1985 in which Hobson stated that he lived in Tuscaloosa, Alabama, and had lived there since 1979. While this circumstance, like plaintiffs' citizenship between July and November, might have changed in the intervening time, defendants have flatly failed to dispute the continuing validity of the statements. Defendants have thus failed to carry the burden of showing either diversity or the non-Alabama citizenship of Hobson.[10] This ground for jurisdiction must be rejected, and removal was improper, at least on this basis.

## II

The defendants' alternative reason for claiming proper removal is that Hobson was fraudulently joined for purposes of defeating federal diversity jurisdiction and preventing removal. Impressed upon the removal statutes by various court decisions,[11] the fraudulent pleading theory prevents wily plaintiffs' attorneys from circumventing removal by joining citizens of the forum state whose only guilt is having associated with the real defendant, who for some reason invariably dislike litigating in the plaintiff's backyard as much as plaintiffs' attorneys seem to dislike federal court.[12]

Defendants in this action, faced with the Hobson's choice of litigating the admittedly ersatz claims presented in several counts of the complaint in Escambia County Circuit Court, or attempting to invoke this Court's jurisdiction via removal, chose to try and show that the slander claim is so specious that no Alabama court would ever entertain it. For this is essentially the burden on removing defendants seeking to prove fraudulent joinder.

> In order to establish that a ... resident defendant has been fraudulently joined, the removing party must show either that there is *no possibility* that the plaintiff would be able to establish a cause of action against the resident defendant in state court or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

*Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983). *See also B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981);[13] *Keating v. Shell Chem. Co.,* 610 F.2d 328, 332 (5th Cir.1980); *Bobby Jones Garden Apts., Inc. v. Suleski,* 391 F.2d 172, 177 (5th Cir.1968). While *Coker* dealt with the specific fact of whether fictitious parties were fraudulently joined, the essential analysis of such cases is the same. In this action, defendants mount a dual attack on the viability of plaintiff's slander claim, which is all that involves Hobson in this case.[14]

Defendants first contend that the allegations in the complaint only make out a claim of slander *per quod* under Alabama law, thus requiring the pleading of special damages. According to defendants, the complaint does not plead special damages with sufficient particularity[15] and thus no

---

**10.** Again, this is a fact within the defendants' knowledge since the time of the complaint's filing, so there is nothing unfair with charging them with knowledge of this fact. *See Nicholas v. Macneille,* 492 F.Supp. 1046 (D.S.C.1980); *Horak v. Color Metal of Zurich, Switzerland,* 285 F.Supp. 603 (D.N.J.1968).

**11.** *See, e.g., Bobby Jones Garden Apts., Inc. v. Suleski,* 391 F.2d 172, 176 (5th Cir.1968).

**12.** The Court notes, without malice, that foreign corporations seem to be the most fond of federal court jurisdiction.

**13.** Decisions of the former Fifth Circuit were adopted as binding precedent in this Circuit by *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), but former Fifth cases from Unit A of

that Circuit decided after September 30, 1981 are only persuasive. *Stein v. Reynolds Sec., Inc.,* 667 F.2d 33 (11th Cir.1982).

**14.** Mrs. Harris' claim of loss of consortium is purely derivative from Mr. Harris' claims, and is thus wiped out for purposes of jurisdiction, by a decision that the slander claim is fraudulent.

**15.** While Alabama has adopted Rules of Civil Procedure providing for notice pleading, *see* Ala.R.Civ.P. 8(a); *Dempsey v. Denman,* 442 So.2d 63 (Ala.1983); "items of special damage ... shall be specifically stated." Ala.R.Civ.P. 9(g); *Ceravolo v. Brown,* 364 So.2d 1155 (Ala. 1978) (slander claim without special damages plea must make out claim of slander *per se* ).

Alabama court would do anything but dismiss plaintiff's slander claim. Thus, this Court can dismiss the claim and get on with the now diverse lawsuit between plaintiffs and Huffco. For the proposition that the complaint is deficient in pleading specials the defendants rely on *Harrison v. Burger*, 212 Ala. 670, 103 So. 842 (1925). The Court finds that *Harrison* is, in truth, controlling, albeit not in the manner defendants thought. The plaintiff's slander claim is stated as follows:

> Plaintiff claims of the Defendants damages for false and malicious· statements concerning the Plaintiff, made in the presence of third persons, in substance as follows: Defendants, in July of 1984, made statements that the Plaintiff was not a "reputable person" and a "shady character".
>
> 2. That as a result of the aforesaid statements made by the Defendants, the Plaintiff's character and reputation has been severely damaged and his ability to earn a livelihood has been severely and permanently impaired and he has been caused extreme mental suffering and anguish, and has otherwise been severely and permanently damaged as a result of the conduct of the Defendants.

Plaintiff's Complaint, Count Two, page 2. In *Harrison, supra,* the plaintiff alleged slander *per quod,* and the following damage allegation was found sufficient: "plaintiff was caused to suffer great mental pain and anguish, was caused to be embarrassed and chagrined, and her credit and financial standing in the city of Birmingham was greatly impaired, all to her damage." 212 Ala. at 672, 103 So. at 843. This language is virtually identical to the language used by plaintiff in his complaint. This Court would be hard pressed to rule that language held sufficient by the Supreme Court of Alabama is yet so blatantly ineffective that no Alabama court would do ought more than dismiss it for failure to state a claim. To so hold would be to poach upon the territory of a judicial system that is coequal with this Court under our federal system. *See, e.g., B., Inc., supra,* 663 F.2d at 548. This Court will not so poach.

Defendants' other ground for claiming fraudulent joinder is that the plaintiff's slander claim is barred by one of several principles related to *res judicata.* This case arose out of a prior suit by Huffco against plaintiff Jay D. Harris, filed in state court in Escambia County,[16] involving title to certain oil and gas leases. Harris counterclaimed for breach of contract, fraud, tortious interference with contract, and damages from the issuance of a temporary restraining order. Harris prevailed after a jury trial, then filed this action. While defendants raise vociferous contentions that all of Harris' claims herein are barred by not having been presented in the prior case, the Court will only concern itself with the slander claim, which is the barrier to federal jurisdiction.

 Defendants' argument of preclusion is based on two theories: *res judicata* and rule preclusion. The *res judicata* branch is based on *Owens v. Miller,* 414 So.2d 889 (Ala.1981). Therein, the Alabama Supreme Court states that the doctrine of *res judicata* prevents a litigant "from relitigating any matter that could have been litigated in the prior action, regardless of whether the matter was actually presented." 414 So.2d at 890. After quoting this language, defendants' brief goes on to state that the slander claim arose out of the same circumstances as the plaintiff's earlier counterclaim of tortious interference with contract. The defendants conclude by stating that "[t]he mere fact that this slander claim *could* have been litigated is sufficient under Alabama law to bar the current assertion of this claim. *See Owens,* 414 So.2d ·889." Defendants' Brief at 6. The Court is not persuaded, however. First, the last statement by defendants' brief is simply not

---

**16.** Huffco apparently invoked state jurisdiction to take advantage of Alabama's liberal fictitious party pleading practice, *see* Ala.R.Civ.P. 9(h), thereby obtaining its distaste for Alabama state courts firsthand.

supported by *Owens*. *Owens* stands for the proposition that "the general doctrine of res judicata serves the functions of protecting litigants from the burden of relitigating the same issue and of promoting judicial economy." 414 So.2d at 891. Slander was not part of the plaintiff's counterclaim in the original case, nor is there any indication from the complaint that the contact between the defendants and third parties in this case was the same contact between Huffco and Harris' customers that gave rise to the tortious interference counterclaim. This Court is dealing with a question of fraudulent joinder. Whether this claim, if brought in federal court, would survive a motion to dismiss based on preclusion, is not relevant. Nor is this Court inquiring whether the defendant might eventually prove facts that an Alabama court might construe as precluding this claim. If there is even a possibility that a state court would not dismiss this claim on *res judicata* grounds, this Court cannot find the claim, and Hobson's joinder, to be fraudulent. *Coker v. Amoco Oil Co.*, *supra*, 709 F.2d at 1440. Furthermore, this Court must "resolve all disputed questions of fact in favor of the plaintiff." *B., Inc. v. Miller Brewing Co.*, *supra*, 663 F.2d at 551; *American Mut. Liab. Ins. Co. v. Flintkote Co.*, 565 F.Supp. 843, 845 (S.D.N.Y.1983). Similarly, any doubt as to controlling state law is to be resolved in favor of the plaintiffs and against the removants. *B., Inc.*, *supra*, 663 F.2d at 549; *American Mut. Liab. Ins. Co.*, *supra*, 565 F.Supp. at 845. *Owens* does not require that every conceivable claim that can be raised, whether it would form a compulsory or permissive counterclaim, be raised because a case is being conducted contemporaneously with tortious acts by one of the parties. Here, the fact that plaintiff contends that the defendants slandered him within the same time period during which a case was pending does not mean that plaintiff was required to raise those claims then. Such a rule would virtually gut the permissive counterclaim practice of Ala.R.Civ.P. 13(b). Plaintiff's slander claim is not barred by *res judicata*.

■ Defendants' rule preclusion assault on this claim is equally ineffective. Ala.R.Civ.P. 13(a) requires any claim arising out of the transaction or occurrence that is the subject matter of the opposing party's claim to be asserted as a compulsory counterclaim. The original case was filed by Huffco seeking to determine title to certain oil leases, and to recover damages for the interference by Harris with Huffco's contracts. In order for this slander claim to be the basis of a *compulsory* counterclaim, the allegedly slanderous statements would have to have arisen out of the same transaction or occurrences as did Huffco's claims, not, as defendants seem to argue, out of the same set of circumstances giving rise to Harris' counterclaim for tortious interference with contracts. Whether that counterclaim was a compulsory counterclaim is a question the Court finds no need to address. The previous discussion of *res judicata* demonstrates that it is not evident from the face of the complaint and the prior case's pleadings that the slander claim arose out of the same set of facts as did that case. The fact that this interpretation may appear to be the most likely one is, again, irrelevant. This Court is not to delve into the factual background of the allegedly fraudulently joined claim to determine if a state court would dismiss it out of hand. *See B., Inc.*, *supra*. That a state court may eventually find the various allegations to have arisen from such an intertwined series of events as to constitute compulsory counterclaims is not important. This Court finds that the slander claim does not require automatic dismissal on the grounds of rule preclusion.

■ A final word on preclusion. This Court, as already hinted,[17] is not allowed to go rummaging about in the legal attic covering the finality, or preclusive effect, of state court decisions. Such a delicate area is best left to the state courts, who have the right, and the first obligation, to say what the law in Alabama is.

In light of the above discussion, the Court must hold the slander claim to be not

---

**17.** *See* discussion, *supra*, at text accompanying notes 2–4.

fraudulent. As this claim cannot be dismissed, defendant Hobson remains as a resident defendant, and this case is not removable. 28 U.S.C. § 1441(b).

The Court does attend to two final housecleaning matters. Defendants had filed a motion for an extension of time to complete and file the transcript of the original state court trial in order to offer proof on the *res judicata* effect of that judgment on Harris' breach of contract claim. The motion is MOOT. Whether that claim is barred is irrelevant to the jurisdictional questions addressed in this Order, which deal with the only joint claim. Secondly, a letter from counsel for defendants on January 23 requested additional time to allow the filing of an affidavit showing diversity of citizenship. Over a month has passed, and as previously noted, no affidavit has been filed. This letter motion is also MOOT.

Pursuant to the above discussion, it is hereby ORDERED that the motion for REMAND is GRANTED. It is hereby ORDERED that this case was removed improvidently, and without jurisdiction, and it is to be REMANDED to the Circuit Court of Escambia County, Alabama, forthwith, pursuant to 28 U.S.C. § 1447(c).