This is a dispute over the ownership of two savings accounts deposited in the Bank of Atmore.
Ora Mae Miller, plaintiff below, claimed that the money in the two accounts was given by her to her brother, Leroy English, "for investment purposes." Edna Faye English, former wife of Leroy, in effect, claimed that the funds originally belonged to Leroy and that they were ordered to be turned over to her, her former husband, and two children born of their marriage, by the Circuit Court of Mobile County in their divorce action. The bank was made a party; it answered that it did not know who owned the funds.
The subject accounts were styled:
 "110-1633-R. English or Ora Mae Miller as Trustee for A.G. English
 110-1625-R. English or Ora Mae Miller as Trustee for F.D. English"
It is agreed that R. English is Leroy English and that A.G. English and F.D. English are the children of Leroy and Edna Faye English, who were divorced in March of 1977, in Mobile County.
The trial court entered a judgment for the plaintiff, finding that the funds in dispute were the property of Ora Mae Miller to the exclusion of all others.
We reverse. The potential interest of the children as beneficiaries of the trust established in their behalf makes them indispensable parties under Rule 19 (a) ARCP, which provides:
 "A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties. . . . If he has not been so joined, the court shall order that he be made a party."
The possibility that the children's interest, if any, is adverse to the interest of those made parties, including their mother, Edna Faye English, necessitates the appointment of a guardian ad litem, as prescribed by Rule 17 (c) ARCP:
 ". . . The court shall appoint a guardian ad litem (1) for an infant defendant, or (2) for an incompetent person not otherwise represented in an action and may make any other orders it deems proper for the protection of the infant or incompetent person. . . .
 Moreover, if a case occurs not provided for in these rules in which an infant is or should be made a party defendant, or if service attempted upon any infant is incomplete under these rules, the court may direct further process to bring him into court or appoint a guardian ad litem for him without service upon him or upon anyone for him." *Page 970 
We do not hold that the English children do, in fact, have an interest in the subject accounts, only that any interest they might have could not be adjudicated without their presence and representation by guardian ad litem.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.