This is an appeal of a trial court decision awarding the funds of two savings accounts to Ora Mae Miller. In an earlier appeal, this Court stated the facts as follows:
 This is a dispute over the ownership of two savings accounts deposited in the Bank of Atmore.
 Ora Mae Miller, plaintiff below, claimed that the money in the two accounts was given to her by her brother, Leroy English, "for investment purposes." Edna Faye English, former wife of Leroy, in effect, claimed that the funds originally belonged to Leroy and that they were ordered to be turned over to her, her former husband, and two children born of their marriage, by the Circuit Court of Mobile County in their divorce action. The bank was made a party; it answered that it did not know who owned the funds.
The subject accounts were styled:
 "110-1633-R. English or Ora Mae Miller as Trustee for A.G. English 110-1625-R. English or Ora Mae Miller as Trustee for F.D. English"
 It is agreed that R. English is Leroy English and that A.G. English and F.D. English are the children of Leroy and Edna Faye English, who were divorced in March of 1977, in Mobile County.
English v. Miller, 370 So.2d 968, 969 (Ala. 1979).
The Court remanded the cause of action because the trial court failed to appoint a guardian ad litem to protect the interests of the minor children. In the divorce proceedings before the Circuit Court of Mobile County, Ora Mae Miller testified concerning the ownership of various accounts listed in her name and her brother's name. The court ordered that the funds in several accounts, including the accounts which are the subject of this action, be turned over to Edna Faye English and her children. Ora Mae Miller filed a motion with the court to release the funds held in a Pensacola, Florida, bank on the grounds that she owned the funds. The court released the funds. The appellants argue that the divorce proceedings between Leroy and Edna Faye English awarding the accounts to Mrs. English and the children are binding on Ora Mae Miller in this action. Furthermore, the appellants contend that Code 1975, §§ 5-1-17 and 5-16-47 require this Court to award the savings accounts to the children of Leroy and Edna Faye English. Because the issue of the preclusive effect of the earlier judgment is dispositive, we need not discuss whether these Code sections are applicable.
The doctrine of "res judicata" is intended to provide consistency and continuity in the law. The policy behind the doctrine of res judicata is that "there be an end to litigation." Reed v. Allen, 286 U.S. 191, 198-99, 52 S.Ct. 532,533, 76 L.Ed. 1054 (1932). Modern commentators indicate that a great deal of confusion surrounds the doctrine of res judicata, partially because of imprecise terminology used to describe various issues.
The terminology adopted by a recent commentator,[1]
paraphrasing the Restatement (Second) of Judgments (Tent. Draft Nos. 1-4 (1973-77)), is as follows:
 1. Res Judicata. This term is used only in a general sense to indicate all the preclusive effects of former judgments, whether claim or issue preclusive.
 2. Claim Preclusion [or under older terminology, res judicata]. A valid, final judgment on the merits of a claim extinguishes the claim. If plaintiff won, the claim is merged in the judgment; if defendant won, plaintiff is barred from subsequent litigation. Plaintiff is prevented from relitigating any matter that could have been litigated in the prior action, regardless of whether the matter was actually presented. Furthermore, if plaintiff wins, defendant is barred from raising any defense that could have been litigated in the former action, regardless of whether it was actually litigated, if the matter constitutes a ground for an action against plaintiff. *Page 891 
 3. Issue Preclusion [or collateral estoppel]. An issue of fact or law that is actually litigated and determined and that is necessary to a valid, final judgment on the merits may not be relitigated in a subsequent action. If claim preclusion does not prevent relitigation of an action, even though a judgment has been rendered, the preclusive effect on litigated issues is known as direct estoppel. If the second action is on a different claim, the effect is designated collateral estoppel.
In the case at bar, Edna Faye English and her children assert that the issue of ownership of the savings accounts has been adjudicated in an earlier action and may not be relitigated. Thus, they say, the doctrine of issue preclusion applies. Issue preclusion requires three elements:
 (1) the issue to be precluded must have been the same in the prior suit; (2) the issue must have been necessary to the prior judgment; (3) the issue must have been actually litigated and determined. . . .
Id. See Russell v. Russell, (Ala. 1981) 404 So.2d 662; Wheelerv. First Alabama Bank, 364 So.2d 1190 (Ala. 1978); Parker v.Mauldin, 353 So.2d 1375 (Ala. 1977); Moody v. Moody,339 So.2d 1030 (Ala.Civ.App.), cert. denied, 339 So.2d 1035 (Ala. 1976).
Applying these criteria to the facts in this case, it is clear that issue preclusion works to prohibit relitigation of the issue of ownership of the accounts. The issue litigated in the prior action was the ownership of various bank accounts. Second, the issue decided was necessary to the prior judgment. The court could not award the property of Ora Mae Miller to Edna Faye and her children in a divorce proceeding between Leroy and Edna Faye. In fact, another account, in a Pensacola bank, was found to be owned by Ora Mae Miller and exempted from the court's order in the prior proceeding. Third, the issue of ownership was actually litigated in the prior proceeding. The court heard testimony from all of the parties, including Ora Mae Miller, and rendered a judgment on that basis. Finally, the validity of the judgment in the prior proceeding is not questioned.
Since the four tests of issue preclusion are met, the question remaining is whether Ora Mae Miller, who was not a party in the prior proceeding, can be bound by the earlier judgment. A non-party who has an interest sufficiently close to the matter litigated and who had an adequate opportunity to litigate the issue in the prior proceeding, may be bound by the earlier judgment. Hudson v. Wright, 164 Ala. 298, 51 So. 389
(1909); Moody v. Moody, 339 So.2d 1030 (Ala.Civ.App.), cert.denied, 339 So.2d 1035 (Ala. 1976). See Parklane Hosiery Co. v.Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1978);Blonder-Tongue Laboratories, Inc. v. University of IllinoisFoundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). This Court held in Mitchell v. Austin, 266 Ala. 128,94 So.2d 391 (1957), that persons with mutual or successive interests in the same property may be bound by the results of a prior adjudication. Ora Mae Miller was present at the earlier proceedings and actually testified concerning the ownership of several bank accounts, including the two accounts at issue in this case. Mrs. Miller objected to the court's order concerning an account in a Florida bank, claiming that the money in the account was hers and could not be frozen. The court promptly restored the ownership of the account to Mrs. Miller. Mrs. Miller claims she also attempted to gain possession of the accounts contested in the present action, but the court refused. Clearly, Ora Mae Miller had the opportunity to contest the ownership of these accounts and either chose not to contest or suffered a ruling adverse to her interests. The general doctrine of res judicata serves the functions of protecting litigants from the burden of relitigating the same issue and of promoting judicial economy. Parklane Hosiery Co. v. Shore,439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1978). Edna Faye English and her children should be protected from relitigating the issue of the ownership of these bank accounts. All the requirements for the application of res judicata exist in the present *Page 892 
case. If Ora Mae Miller wanted to claim ownership of these accounts, she should have made the claim along with her claim to the funds in the Florida bank. If Mrs. Miller, as she claims, contested the ownership of these accounts, she is bound by that determination.
For the foregoing reason, the trial court erred in awarding the savings account in Atmore to Ora Mae Miller. The judgment of the Circuit Court of Mobile County is binding. Accordingly, the judgment of the trial court is reversed, and this cause is remanded to the trial court with directions to enter a judgment not inconsistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
EMBRY and ADAMS, JJ., concur.
TORBERT, C.J., and ALMON, J., concur in the result.
[1] "Issue Preclusion in Alabama," 32 Ala.L.Rev. 500, 503-504 (1981). See A. Vestal, "Res Judicata/Preclusion" (1969); "Developments in the Law-Res Judicata," 65 Harv.L.Rev. 818 (1952).