KENNEDY, Justice.
This is an appeal by the Shelby County Planning Commission (“SCPC”) from a judgment confirming a sale of real estate. We reverse and remand.
In order to thoroughly discuss the present case, a discussion of a prior related case is necessary.
In 1986, Shelby County sued Ricky Seale, the husband of Sharon Seale, alleging that he had subdivided land and sold lots in violation of SCPC regulations. The suit *901 also requested that Mr. Seale be enjoined from selling any of the remaining lots.
The trial court entered a consent judgment enjoining Mr. Seale from selling the remaining lots. Although she had not been a party to the suit, Mrs. Seale subsequently joined Mr. Seale in a petition to dissolve the injunction. The purpose of the petition was to allow Mr. and Mrs. Seale to sell lots 14 and 15, which they claimed composed their homestead. On April 30, 1987, the trial court issued the following order:
“A hearing was had on the question of whether or not the injunction previously entered in this case should remain in effect. The burden was on the plaintiff to show that an injunction is proper.
“Defendant Seale has subdivided and sold property in violation of the subdivision regulations promulgated by the Shelby County Planning Commission. Seale bought the property expressly to subdivide and sell. He has three parcels left, two of which he claims compose his ‘homestead.’ If the injunction is dissolved, he intends to sell the remaining lots.
“The court has the authority to take appropriate action when a land owner subdivides and attempts to sell real property in violation of the subdivision regulations. Certainly an injunction against such sales is a proper remedy.
“To permit Seale to sell his remaining lots would be tantamount to granting him permission to continue to violate the law. (Perhaps Seale would counter that the violation is virtually an accomplished fact, and that selling the remaining three lots in violation of the regulations would have little, if any, practical consequence. The court is not persuaded this is so.)
“The court finds that the evidence justifies a preliminary injunction, and it is therefore ORDERED that the current injunction remain in effect pending a final hearing and determination of this cause.”
On May 18, 1987, the court entered an amended order in which it required the SCPC to post security as required by Rule' 65, A.R.Civ.P. The order also stated that the injunction would be binding on Mr. Seale until he received the approval of the SCPC to sell the lots.
On May 26, 1987, Mrs. Seale filed suit, naming her husband and the SCPC as defendants. In the complaint, Mrs. Seale alleged that she and her husband were joint owners and tenants in common as to the real estate as to which in the prior suit the court had enjoined a sale. She also alleged that the land was not the homestead of either her or her husband.
Mrs. Seale’s suit went to trial, and the court, hearing ore terms evidence, ordered that the land be sold at a public auction. The property was subsequently sold at a public sale to an individual for $16,000. That sale was confirmed. The SCPC appealed.
The issue is whether the doctrine of res judicata precludes Mrs. Seale from selling her interest in the property.
The principle of res judicata provides that once there is a final judgment, “those who have contested an issue shall be bound by the ruling of the court; and issues once tried shall be considered forever settled between those same parties and their privies.” Hughes v. Martin, 533 So.2d 188, 190 (Ala.1988). When discussing and defining res judicata, this Court has focused on the concepts of claim preclusion and issue preclusion. Owen v. Miller, 414 So.2d 889, 890 (Ala.1981). Both claim preclusion and issue preclusion are subsets of the doctrine of res judicata. Commentary, “Issue Preclusion in Alabama,” 32 Ala.L.Rev. 500, 503 (1981). However, to resolve the issue before us, we need only discuss issue preclusion.
Issue preclusion is the rule that once a particular issue has been litigated and there is a final judgment on the merits, any further litigation of the same issue is barred. Owen, supra, at 891. For issue preclusion to be applicable, four elements must be present:
“(1) the issue to be precluded must have been the same in the prior suit; (2) the issue must have been necessary to the prior judgment; (3) the issue must *902 have been actually litigated and determined; and (4) the judgment must have been valid, final, and on the merits of the claim.”
“Issue Preclusion in Alabama,” at 505.
Applying these criteria to the present case, we must first determine if the issue in both suits is the same and whether the determination of the issue was necessary to the prior judgment. The issue before the court in the prior suit was the validity of Mr. Seale’s subdivision of the property in relation to SCPC regulations. Although Mrs. Seale argues that the issue in this suit is the right of a tenant in common to have her property partitioned, a factor necessarily underlying any discussion of partition is the requirement that a property owner must abide by SCPC regulations before subdividing land. Thus, the issue in the present ease does not differ from that of the prior case. In addition, a determination of the issue was necessary to the prior judgment.
Because the first two elements of issue preclusion are present, we must determine whether the issue of compliance with the SCPC regulations was determined and, if so, whether a final judgment was issued.
In its order of April 30, 1987, and in its amended order of May 18, 1987, the circuit court unequivocally stated that the property had been subdivided in violation of SCPC regulations and that the injunction would be permanent, absent compliance with the regulations. Therefore, the remaining elements required for a showing of issue preclusion were met.
However, Mrs. Seale argues that, because she was not a party to the first suit, she should not be bound by the judgment in that suit. In Owen, supra, this Court stated the following:
“A non-party who has an interest sufficiently close to the matter litigated and who had an adequate opportunity to litigate the issue in the prior proceeding, may be bound by the earlier judgment.”
414 So.2d at 891. The Court continued by stating that those who have “mutual or successive interests in the same property may be bound by the results of a prior adjudication,” citing Mitchell v. Austin, 266 Ala. 128, 94 So.2d 391 (1957).
Although not a party to the prior suit, Mrs. Seale was involved in that suit, as is evidenced by her petition to have the injunction dissolved. In addition, she shared the interest of her husband in subdividing the land. The doctrine of res judicata, which includes the concept of issue preclusion, operates to protect litigants from the burden of relitigating the same issue and to encourage judicial economy. Owen, supra, at 891. Therefore, with the desire for judicial economy in mind, we find that Mrs. Seale is now precluded from litigating an issue that could have been and should have been litigated in the prior suit.
Accordingly, the judgment is reversed, and the cause is remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.