RICHARD L. HOLMES, Retired Appellate Judge.
Gloria Taff Antinoro (mother) and John Charles Taff (father) were divorced in April 1987. The mother was awarded custody of the two minor children of the parties, and the father was ordered to pay child support.
In August 1993, when the father failed, or refused, to pay child support, the mother filed a petition for rule nisi. In an order dated September 30, 1993, the father was found to be in contempt, but the jail sentence was suspended in order to allow the father to purge himself by paying $75 per month toward the arrearage.
In June 1994 the mother filed a process of garnishment for the child support arrearage of $3,415.75. The trial court issued a writ of garnishment on June 30,1994. The garnishee was M. Wayne Wheeler, as trustee of the Irene Letcher Taff Trust.
Irene Letcher Taff, the father’s mother, established a trust in her will for the primary use and benefit of the father and for the *1355 secondary use of any of the father’s children. The trust was established and funded on June 30, 1994.
Wheeler (trustee) filed an answer to the garnishment, wherein he stated that the trust contained a discretionary power of distribution of generated income and/or principal to the beneficiary at the option of the trustee. The trustee further stated that, pursuant to such discretionary power, no funds were available or owed to the father, or to his children, at the time that the garnishment was filed.
The mother contested the answer to the garnishment and requested that the trial court determine what sums of money were subject to be garnished.
After a hearing the trial court ordered the trustee to pay $3,415.75 from the trust, pursuant to the writ of garnishment issued on June 30, 1994.
The trustee filed a post-judgment motion, wherein he alleged that a guardian ad litem should have been appointed to represent and to protect the interests of the minor children of the father as well as the interests of any unborn children of the father. The post-judgment motion was denied.
The trustee appeals.
On appeal the trustee contends that the trial court committed reversible error when it failed to appoint a guardian ad litem to represent and to protect the interests of the minor children of the father, as well as any unborn children and grandchildren of the father.
A copy of the last will and testament of Irene Letcher Taff, which established the trust, was introduced into evidence at the hearing. Taffs will stated, in pertinent part, that the trustee was
“authorized to accumulate the net income or to pay or apply so much thereof to the use of such one or more (all or none) of the following persons: my son, [the father], and my grandchildren, [the minor children of the parties], and any additional grandchildren that may hereafter be bom....”
(Emphasis added.)
Taff s will also contained the following pertinent statement:
“Upon the death of my son ... the Trustee shall divide the principal of the trust estate in equal shares to such of my grandchildren as shall then be living and to the living issue per stirpes of such of my grandchildren as shall be dead with issue then surviving — such issue representing the parent.”
(Emphasis added.)
In the present case the trial court is allowing the trust assets — principal and earned income — to be invaded in favor of the minor children. While we recognize that these minor children were named beneficiaries of this trust, it must also be acknowledged that no guardian ad litem was appointed to represent or to protect the rights and interests of these minor children or the rights and interests of the father’s unborn children and grandchildren, who were also potential beneficiaries of this trust.
English v. Miller, 370 So.2d 968 (Ala.1979), was a case decided by our supreme court which involved a dispute over the ownership of two savings accounts. The opinion provided the following pertinent statements:
“We reverse. The potential interest of the children as beneficiaries of the trust established in their behalf makes them indispensable parties under Rule 19(a), ARCP....
[[Image here]]
“The possibility that the children’s interest, if any, is adverse to the interest of those made parties, including their mother ... necessitates the appointment of a guardian ad litem, as prescribed by Rule 17(c), ARCP:
[[Image here]]
“We do not hold that the English children do, in fact, have an interest in the subject accounts, only that any interest they might have could not be adjudicated without their presence and representation by guardian ad litem.”
English, 370 So.2d at 969-970.
In view of the above, the other issues raised by the trustee are pretermitted.
Consequently, we reverse the judgment and remand the cause to the trial court for *1356 proceedings consistent with the above opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.