LYONS, Justice
(concurring in the result).
I concur in the result based on the following analysis.
The term “res judicata” in modern legal parlance encompasses both claim preclusion and issue preclusion.

*253
Claim Preclusion (formerly res judicata).

After the first action results in a judgment, a second action on the same claim is barred by claim preclusion, formerly referred to as res judicata. Thus, if a plaintiff sues a defendant, and the plaintiff wins, the defendant cannot then sue the plaintiff for a judgment declaring the absence of liability on the claim made the basis of the first action when the defense was litigated or could have been litigated in the first action. If the plaintiff sues the defendant and the defendant wins, the plaintiff cannot then sue the defendant on the same claim and advance the same or new theories in a new action. This doctrine is a direct estoppel.

Issue Preclusion (collateral estoppel).

If, after the first action results in a judgment, a second action involving the same parties but a different claim is filed, a party to the first action is not entitled to relitigate in the second action any issues actually decided adversely to such party in the first action, because that party is collaterally estopped from raising such issues. See Owen v. Miller, 414 So.2d 889, 891 (Ala.1981) (plurality opinion quoting a tentative draft of Restatement (Second) of Judgments).
If the second action deals with the same claim, all issues that were or that could have been litigated in the first action are barred. If the second action is on a different claim, only issues actually litigated are barred. If the previous judgment is by default, and direct estoppel or claim preclusion does not apply because the second action is on a different claim, then there can be no collateral estoppel or issue preclusion because nothing was “actually litigated” in the default judgment.
Here, the second action deals with the same claim made the basis of the first action; therefore, we need not deal with the doctrine of collateral estoppel and its unavailability in instances where the first action is based on a default or consent judgment. To the extent that the second action involves different claims, we need not reach an argument made for the first time on appeal.
COBB, C.J., concurs.